IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GUY BARRON                                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO.: 3:16-CV-690-DPJ-FKB

BEST BUY CO., INC., / BESTBUY.COM, LLC,
CITIGROUP, INC. / CITIBANK, N.A. (CBNA),
TRANS UNION LLC,
EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS INC.                                       DEFENDANTS

### ORDER GRANTING MOTION TO STAY

Before the Court is a Motion to Stay [36] filed by the three credit reporting agency ("CRA") defendants, Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc. (collectively "CRA Defendants"). For the reasons described herein, the Court grants the CRA Defendants' motion and orders all disclosure requirements and discovery in this case stayed.

Plaintiff's Amended Complaint [21] alleges Defendants violated various provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Specifically, Plaintiff alleges that Best Buy and Citibank provided incorrect information regarding Plaintiff's account to the CRA Defendants, that the CRA Defendants failed to conduct a reasonable good faith investigation of the information provided by Best Buy and Citibank, and that the CRA Defendants failed to follow reasonable procedures to assure maximum accuracy of the information in their respective credit reports relating to Plaintiff. *See* [21]. On April 5, 2017, the Court entered an order compelling arbitration as to Plaintiff's claims against Citibank and Best Buy. [33]. The remaining defendants, the CRA Defendants, move the Court to stay the case pending resolution of the arbitration proceedings between Plaintiff, Best Buy, and Citibank. [36].

## Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Generally, the power to stay a pending matter derives from a trial court's wide discretion to control the course of litigation." *United States v. $9,041,598.68*, 163 F.3d 238, 251 (5th Cir. 1998).

## Discussion

Plaintiff alleges that the CRA Defendants violated two provisions of the FCRA: 15 U.S.C. §§ 1681i(a)(1)(A) and §1681e(b). Section 1681i(a) requires a CRA to conduct a reasonable investigation and make necessary corrections, free of charge, in the event that a consumer disputes information in their consumer report. *Saunders v. Equifax Info. Sys.*, No. A-16-CV-525-LY, 2017 U.S. Dist. LEXIS 86408, at *4-5 (W.D. Tex. June 6, 2017). Section 1681e(b) requires CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *See Harris v. Pa. Higher Educ. Assistance Agency*, No. 16-2963, 2017 U.S. App. LEXIS 11067, at *5 (3d Cir. June 22, 2017). "Importantly, to state a claim for relief under the act, the consumer must 'establish that a credit report contained an actual inaccuracy [otherwise] the plaintiff's claims fail as a matter of law.'" *Saunders*, No. A-16-CV-525-LY, 2017 U.S. Dist. LEXIS 86408, at *5 (citing *Doster v. Experian Info. Solutions, Inc.*, 2017 U.S. Dist. LEXIS 8412, 2017 WL 264401, at *3 (N.D. Cal. Jan. 20, 2017)). For Plaintiff to make a successful claim, he must demonstrate that his consumer report contained an actual inaccuracy. Accordingly, whether Citibank / Best Buy provided accurate information to the CRA Defendants constitutes a threshold issue, and one that will be the subject

of the pending arbitration.

The CRA Defendants move to stay the case pending an arbitration award. They argue that staying the case would be in the interest of judicial economy, as it would prevent the unnecessary expenditure of resources in the event that the arbitrator determines the information Citibank / Best Buy provided to the CRA Defendants was accurate. The Court agrees.[1] The arbitration will determine the existence or non-existence of an essential element of Plaintiff's claims against the CRA Defendants. The Court finds, therefore, that all disclosure requirements and discovery should be stayed until this essential element of Plaintiff's case has been decided in the arbitration.

The Court has taken into account the arguments made by Plaintiff in his response in opposition to the motion. While the Court is sensitive to Plaintiff's arguments regarding the need to expedite this litigation due to his health, it is unclear whether denying the stay will even hasten the outcome of this case, as the Court will be put in a position of having to await the outcome of the arbitration proceedings regardless. Further, the Court cannot take action based on the non-expert medical opinions of counsel.

For these reasons, the CRA Defendants' Motion [36] is GRANTED.

IT IS SO ORDERED, this the 11 day of September, 2017.

                                               /s/ F. Keith Ball  
                                               UNITED STATES MAGISTRATE JUDGE

---

[1] For another case with facts substantially similar to the one *sub judice* where a district court determined the appropriateness of a stay against CRAs pending arbitration between Citibank and a plaintiff, *see Karmolinski v. Equifax Info. Servs., LLC,* No. 04-1448-AA, 2005 U.S. Dist. LEXIS 49112, at *13 (D. Or. Oct. 27, 2005). There the court found, "if the information Citibank provided to the credit reporting agencies was accurate and its actions did not violate the FCRA, plaintiff may not have a cause of action against the credit reporting agencies. Therefore, this action is stayed pending arbitration proceedings between plaintiff and Citibank." *Id.* at *13-14.